## HOWARD G. FIELDS LUMBER CO. v. PYRAMID ASBESTOS CO.

### No. 1968.

Court of Civil Appeals of Texas. Beaumont.

May 1, 1930.

Winfree & Weslow and F. F. Beadle, all of Houston, for appellant.

Polk & Allen, of Houston, for appellee.

WALKER, J.

This was an action in county court at law of Harris county by appellee against appellant to recover the sum of $480 as the contract price of a roof which appellee alleged it had sold to appellant to be used by Marine Construction Company, Inc., on a building it was erecting in the city of Houston. Appellee alleged that it made a proposal to Marine Construction Company to furnish the roof at the price named, but, upon investigating the financial condition of the Marine Construction Company, refused to accept the order unless the account was guaranteed or its payment assumed by a third party; that thereupon appellant, a corporation, contracted with appellee and agreed as on an original promise to pay the contract price of the roof, which contract was evidenced by the following written instrument executed by appellant and delivered to appellee:

"Please show This Order Number On No. 2257

"Invoice Houston, Texas, 8/12/1927.

"Pyramid

"Marine Con. Co.

"Please deliver to bearer and charge to our account: Roof Complete $480.00 Price made Goff. 50¢ sqr. 34 sqrs.—30 days.

"Howard G. Fields Lumber Co.
"W."

Appellee further alleged that on receipt of this order it furnished the roof and charged the same to the account of appellant, and would not have furnished the roof except for this contract with appellant; and that in furnishing the roof it looked to appellant for payment; and further that appellant, on the face of the contract, was to receive a profit out of the sale of 50 cents per square, making a total profit to it of $17. Appellant answered by general denial and specially that its contract with appellee was one of guaranty or suretyship and not an original promise, and that a contract of guaranty or suretyship by it was ultra vires and void. No point is made that appellant did not have the charter right to buy the roof. The trial was to the court without a jury and resulted in a judgment in favor of appellee for the amount sued for. Conclusions of fact and law were filed in support of the judgment, sustaining all the material allegations of appellee's petition. Thus there was credible testimony to the effect that appellant was furnishing most of the material for the building, and paying a large part of the labor bills for its construction; that appellee declined to accept the order from the Marine Construction Company on the ground that it was not satisfied with its solvency, and notified appellant that it would not furnish the roof unless its payment was guaranteed or unless appellant bought the roof; that appellant then contracted with appellee as on an original promise to buy the roof, and in evidence of its contract executed and delivered to appellee the purchase order sued upon; that appellant was to have a profit of $17 on the sale; that on this order appellee furnished the roof, and but for this order would not have furnished the roof. These facts sustain the conclusion of law that appellant was liable for the amount sued for.

The judgment of the lower court must, therefore, in all things be affirmed.